UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARCHIE DIGGS, ET AL<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO. 21-cv-2127<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

******

| | |
|---|---|
| JANE MITCHELL, ET AL<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO. 21-cv-2128<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

******

| | |
|---|---|
| ROBERT NOBLE, ET AL<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO. 21-cv-2129<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

******

| | |
|---|---|
| TAMMIE ROBINSON<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO.  21-cv-2130<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

******

| | |
|---|---|
| MICHELLE WHITE, ET AL<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO.  21-cv-2131<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

******

| | |
|---|---|
| JOHN JACKSON, ET AL<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO.  21-cv-2132<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

******

| | |
|---|---|
| KENNETH CLARK<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO. 21-cv-2138<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

******

| | |
|---|---|
| IVORY GLOVER, ET AL<br>VERSUS<br>IRVING PLACE ASSOCIATES, LP, ET AL | CIVIL ACTION NO. 21-cv-2139<br>CHIEF JUDGE HICKS<br>MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

This is one of several wrongful death cases filed in state court against Irving Place Associates, LP, as well as individual defendants, based on the defendants' ownership or administration of a nursing home during the Covid-19 pandemic. The case was removed based on assertions that (1) there is federal question jurisdiction based on complete preemption effected by the PREP Act, (2) there is federal question jurisdiction under the Grable doctrine because the PREP Act presents a substantial federal question, and (3) federal officer removal is appropriate because nursing home officials were acting in accordance with protocols issued by the federal government.

A motion to remand was filed and briefed. After briefing was completed, the Fifth Circuit issued decisions that rejected the asserted grounds for removal and affirmed remand in similar nursing home cases. Mitchell v. Advanced HCS, LLC, 28 F.4th 580 (5th Cir. 2022); Perez on behalf of Estate of Lozano v. Southeast SNF, LLC, 2022 WL 987187 (5th Cir. 2022). Two other circuits have similarly rejected the removal arguments presented in this case. Maglioli v. Alliance HC Holdings, LLC, 16 F.4th 393 (3rd Cir. 2021); Saldana v. Glenhaven Healthcare, LLC, 27 F.4th 679 (9th Cir. 2022).

After the mandates issued in Mitchell and Perez, the court contacted defense counsel and asked whether the defendants wanted an opportunity to file any additional briefs. Defendants elected not to make any additional filings. The

court has reviewed the notice of removal and the arguments presented in the motion to remand. Considering the <u>Mitchell</u> precedent and the other persuasive decisions cited above, the court finds that it lacks subject matter jurisdiction over this civil action. Accordingly, the motion to remand is **GRANTED** and this case is **REMANDED** to the First Judicial District Court, Caddo Parish, Louisiana.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT